## Commonwealth *v.* Fox, Appellant.

Submitted November 16, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Anthony C. Troiano,* Assistant Trial Defender, *Daniel T. Zamos,* Public Defender, and *George H. Ross,* Public Defender, for appellant.

*.Edwin J. Martin* and *Charles B. Watkins,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., December 14, 1967:

Charles R. Fox was indicted in the Court of Oyer and Terminer of Allegheny County on Bill No. 4438 of 1965, charging burglary, and in the Court of Quarter Sessions of Allegheny County on Bill No. 242 February Sessions 1966, charging assault upon a police officer with intent to kill. Fox entered pleas of not guilty and, being represented by court appointed counsel, was called for trial before Judge PRICE and a jury. The trial continued for a period of three days. Follow-

ing a comprehensive charge, the jury returned verdicts of guilty.[1] Motions for new trial and in arrest of judgment were filed and denied. Sentence was imposed on Bill No. 4438 O. and T. of 1965. On Bill No. 242 February Sessions 1966, sentence was suspended. Fox has appealed to this court. The facts appear in the following excerpt from the well considered opinion of Judge BROSKY denying a pretrial application by Fox to suppress certain evidence:

"On June 8, 1965, a telephone call to Pittsburgh Police Station No. 7 at 5:10 A.M. alerted them to the fact that a drug store on Brownsville Road was being robbed. Police Officers Krumblis and Petratis, among others on patrol, were sent to the drug store. Officer Krumblis went to the store's rear door; Officer Petratis went to the front door and was joined there by Officers Moser and Andrejak. Officer Krumblis found two men at the rear door; the other three Officers found defendant Fox and a cohort named Hamm in the basement. The basement door was slammed. Officer Krumblis then fired two shots and wounded Fox and Hamm. They were then placed under arrest and Officer Krumblis 'frisked' defendant Fox without finding any weapon upon him. He and another cohort named Horvath were then taken to Police Station No. 7 by Officers Walter Kozak and Richard A. Valecka. At the Station an order to empty pockets revealed the fact that defendant Fox was the owner of a 1965 Mercury Comet. He said it was parked on the Northside and that the cohorts had reached the drug store separately by streetcar. Other police were requested to find the car on the Northside. It was not there. A search for it and stolen cars was then started in the area of the drug store. Officers Kozak and Valecka

---

[1] On Bill No. 242 February Sessions 1966, the verdict was guilty of aggravated assault and battery.

found defendant's car on a sidestreet near the drug store. By Order of the Superintendent of Police, Officers Kozak and Valecka looked into it without touching any part thereof. They also stayed with it until a tow truck was brought to tow it to the City Garage. At 8:00 A.M. it was examined at the garage by Detectives Gavin and Bober. 'Dusting' revealed three of the defendant's fingerprints. Further search of the contents of the automobile turned up a zipper bag containing an electric drill, and various tools and items; a green blanket in which a twelve-gauge shotgun and a .38 caliber revolver had been hidden; three head coverings with holes cut for eyes; a pinch bar; two lengths of clothesline, one glove, wood bits and an Eveready flashlight".

Appellant advances four contentions as follows: "1. Did the court err in granting the Commonwealth leave to amend the indictment at No. 4438 of 1965 and in refusing to quash the indictment at No. 242 February Sessions, 1966? 2. Was the expert opinion relative to green paint samples competent evidence for submission to the jury when there was no expression by the expert of an opinion that the paint found on the premises and on a weapon were the same? 3. Was defendant's right to a fair trial violated by introduction of his prior conviction to impeach credibility? 4. Did the court err in charging the jury that they could find defendant guilty of assault with intent to kill (or the lesser included offenses) if they found that he was involved in an attempt to escape arrest notwithstanding whether he or his accomplice struck the damaging blow or blows?" These contentions were discussed at length and answered satisfactorily in an able opinion by the trial judge for the court en banc. Having made a painstaking review of this voluminous original record, we perceive no merit in the instant appeal.

Judgments affirmed.